UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VANTAGE COMMODITIES FINANCIAL SERVICES I, LLC,**<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>**ASSURED RISK TRANSFER PCC, LLC** *et al.*,<br><br>　　　　　Defendants. | Case No. 1:17-cv-01451 (TNM) |

## MEMORANDUM ORDER

The Court allowed Vantage to file an amended complaint in this case. *See Vantage Commodities Fin. Servs. I, LLC v. Assured Risk Transfer PCC, LLC* ("*Vantage II*"), No. 1:17-CV-01451, 2018 WL 6025774, at *6 (D.D.C. Nov. 16, 2018). The Reinsurer Defendants now ask the Court to reconsider this Order or alternatively to certify it for interlocutory appeal. For the reasons given below, the Court will deny their motion.

### I.　　BACKGROUND[1]

In *Vantage II*, the Court granted in part and denied in part Vantage's motion for leave to amend its Complaint. *Id.* at *1. First, it held that Vantage had not stated a claim for breach of contract because Vantage had failed to allege facts showing that the Credit Insurance Binders created a contractual relationship. *Id.* at *2. But it determined that Vantage adequately stated claims for (1) breach of implied contract; (2) promissory estoppel; and (3) unjust enrichment. *Id.*

---

[1]　　The Court summarized the facts in *Vantage II*. *See* 2018 WL 6025774, at *1-2.

at *2–*5. The Court also gave Vantage more time to attempt to serve the Reinsurer Defendants with its Amended Complaint. *Id.* at *5.

The Reinsurer Defendants moved for reconsideration or in the alternative certification of interlocutory appeal. Defs. Syndicate 4472, Syndicate 2001, Syndicate 1206, and Catlin Re Switzerland's Mot. for Reconsideration or in the Alternative for Certification of Interlocutory Appeal ("Mot."); ECF No. 94; Defs. Hannover Rückversicherung AG, Partner Reinsurance Europe PLC, and Caisse Centrale de Reassurance's Joinder in Mot. for Reconsideration ("Joinder"), ECF No. 95. Vantage opposes. Opp. to Mot. for Reconsideration or in the Alternative for Certification of Interlocutory Appeal ("Opp."), ECF No. 98.[2]

## II. LEGAL STANDARDS

The Court may revise interlocutory orders "at any time before the entry of judgment adjudicating the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). This rule "recognizes [a court's] inherent power to reconsider an interlocutory order 'as justice requires.'" *Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 227 (D.C. Cir. 2011) (citation omitted). "While the phrase, 'as justice requires,' is somewhat abstract, it is a shorthand for more concrete considerations." *Singh v. George Washington Univ.,* 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (quoting *Cobell v. Norton,* 224 F.R.D. 266, 272 (D.D.C. 2004)). Those considerations include "whether the court 'patently' misunderstood a party, made a decision beyond the adversarial issues presented to the court, made an error in failing to consider controlling decisions or data, or whether a controlling or significant change in the law or facts

---

[2] Because a hearing is unnecessary to resolve the motion, the Court denies Vantage's request for oral argument.

has occurred since the submission of the issue to the Court." *Youssef v. Holder*, 62 F. Supp. 3d 96, 98 (D.D.C. 2014) (citation omitted).

Whether to allow an interlocutory appeal of a non-final order is left to the discretion of the district court. *Swint v. Chambers County Comm'n*, 514 U.S. 35, 47 (1995). Under 28 U.S.C. § 1292(b), the court may certify an order for interlocutory appeal when "(1) the order involves a controlling question of law; (2) a substantial ground for difference of opinion concerning the ruling exists; and (3) an immediate appeal would materially advance the litigation." *APCC Servs., Inc. v. Sprint Commc'ns Co.*, 297 F. Supp. 2d 90, 95 (D.D.C. 2003); *see also* 28 U.S.C. § 1292(b). The party seeking interlocutory review has the burden of persuading the court to depart from the general policy of postponing appellate review until after the entry of a final judgment. *See id.*

### III. ANALYSIS

**A. The Court Will Deny the Reinsurer Defendants' Motion for Reconsideration.**

The Reinsurer Defendants claim that the Court's Order in *Vantage II* "departs from established reinsurance law and creates new rights for Vantage under relevant contracts." Mot. at 4. First, the Court did not create new law about "which entities have the ability to bind a reinsurer or have standing in a litigation to enforce a contract in violation of an arbitration provision." Mot. at 5. Far from it. Rather, the Court made a narrow determination: given that the Court must "draw all reasonable inferences . . . in the plaintiff's favor*,"* at this early stage, the Court determined that Vantage had pled enough facts to survive a motion to dismiss on three equitable claims. *See Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015). Such a determination was limited to the specific allegations in Vantage's Amended

Complaint.  In any event, the Reinsurer Defendants offer no authority for their claim that the Court is breaking ground in agency jurisprudence.[3]

The Reinsurer Defendants vehemently insist that Willis did not act as their agent.  Mot. at 5.  Indeed, the evidence may reveal that they are correct.  But as the Court has explained, "[w]hether Vantage can prove that ART and the Willis Defendants acted as agents for the Reinsurer Defendants is yet to be seen, but Vantage has alleged sufficient facts in support of its allegation of agency at this early stage."  *Vantage II*, 2018 WL 6025774, at *3.

After the Court granted leave for Vantage to file an amended complaint, the Reinsurer Defendants started arbitration against ART on the terms of the Reinsurance Agreement.  Mot. at 7–8.  And now the Reinsurer Defendants insist that the Court should reconsider its Order because now Vantage can stand in ART's shoes in this arbitration.  *Id.*  This allegedly parallel arbitration—started only now by the Reinsurer Defendants—hardly shows that the Court's earlier Order was incorrect.  In any event, the Reinsurer Defendants cannot complain of a risk of inconsistency when they just now initiated the allegedly parallel proceeding.

For these reasons, the Court will deny the motion for reconsideration.

**B. The Court Will Deny the Reinsurer Defendants' Motion for Interlocutory Appeal.**

First, the Reinsurer Defendants argue that the Court's Order involved controlling questions of law.  Mot. at 8–9.  They put forward questions, such as (1) whether an insured can

---

[3] In a reply brief, the Reinsurer Defendants cite *World Omni Fin. Corp. v. Ace Capital Re, Inc.*, 2002 WL 31016669 at *2 (S.D.N.Y. Sept. 10, 2002).  *See* Reply ISO Mot. for Reconsideration or in the Alternative for Certification of Interlocutory Appeal ("Reply") at 2, ECF No. 100.  This is an unreported, out-of-circuit, district court opinion.  What's more, Vantage's Amended Complaint includes no breach of contract claim based on a reinsurance agreement, the focus of *World Omni*.

4

sue a reinsurer under the theory that the reinsurer impliedly agreed to follow the terms of the underlying policy; (2) whether an insurer or that insurer's broker can act as "agents" of its reinsurer to others; and (3) whether an insured can claim a reinsurer was "unjustly enriched" by retaining reinsurance premiums the reinsurer collected under a reinsurance contract that the reinsurer is not alleged to have breached. *See id.* While these are—strictly speaking—questions of law, even the Reinsurer Defendants struggle to articulate them in a global or abstract way. Even their questions of law are tied up in the specific facts of this case. The Reinsurer Defendants' disagreement with the Court's Order boils down to a disagreement about plausibility.

And the Reinsurer Defendants have not carried their burden of showing that there is a substantial ground for difference of opinion about the Court's Order. The Order did not address an issue of first impression; it was not a sweeping decision. The Court merely applied the routine motion-to-dismiss standard to Vantage's Proposed Amended Complaint. While the Reinsurer Defendants insist that the Court's Order "goes against the weight of authority in reinsurance law that an insured cannot maintain a direct action against a reinsurer," they do not offer specific caselaw to show the Court how its Order is out-of-step with other authorities, much less in conflict. Moreover, an immediate appeal would not advance litigation here. An appeal now would delay the discovery period, summary judgment briefing, and the final resolution of this case.

In sum, the Reinsurer Defendants have not met their burden of showing that the "circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *In re Vitamins Antitrust Litig.*, No. 99–197, 2000 WL 33142129, at *1 (D.D.C. Nov. 22, 2000).

## IV. CONCLUSION[4]

For these reasons, it is hereby

**ORDERED** that the Defendants' Motion for Reconsideration or in the Alternative for Certification of Interlocutory Appeal is DENIED.

Dated: January 17, 2019

TREVOR N. McFADDEN
United States District Judge

---

[4] Vantage argues that the Reinsurer Defendants have waived service of process through their conduct in this litigation. *See* Opp. 9. Quite the opposite, the Reinsurer Defendants have been scrupulous in raising the objection that they have not been properly served.