UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VANTAGE COMMODITIES FINANCIAL SERVICES I, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**ASSURED RISK TRANSFER PCC, LLC** *et al.*,<br><br>Defendants. | Case No. 1:17-cv-01451 (TNM) |

## MEMORANDUM ORDER

Once again, the Defendants challenge the sufficiency of the Plaintiff's Amended Complaint. In the alternative, they ask the Court to compel arbitration or stay these proceedings as they arbitrate against a third party. For the following reasons, the Court will deny their requests.

### I.

The Court allowed Vantage Commodities Financial Services I, LLC ("Vantage") to file an amended complaint. *See Vantage Commodities Fin. Servs. I, LLC v. Assured Risk Transfer PCC, LLC* ("*Vantage II*"), No. 1:17-CV-01451, 2018 WL 6025774, at *6 (D.D.C. Nov. 16, 2018).[1] While the Court dismissed Vantage's breach of contract claim, it determined that Vantage adequately stated claims for (1) breach of implied contract; (2) promissory estoppel; and (3) unjust enrichment. *Id.* at *2–*5. The Defendants then moved for reconsideration of that Order, but the Court denied their motion. *See Vantage Commodities Fin. Servs. I, LLC v.*

---

[1] The Court summarized the facts in *Vantage II*. *See* 2018 WL 6025774, at * 1–2.

*Assured Risk Transfer PCC, LLC,* No. 1:17-CV-01451, 2019 WL 250125, at *1 (D.D.C. Jan. 17, 2019).

The reinsurance companies[2] again now object to Vantage's Amended Complaint. Defendants Syndicate 4472, Syndicate 2001, Syndicate 1206, and Catlin Re Switzerland ("Reinsurer Defendants") have filed a Motion to Dismiss or For a More Definite Statement Under Rule 12. Mem. ISO Mot. to Dismiss the Am. Compl or for a More Definite Statement ("Reinsurer Mot.") at 1; ECF No. 106-1. In the alternative, they ask the Court to issue a stay while they arbitrate against ART, which is no longer a party here.[3] *Id.* And Hannover Ruck SE, Partner Reinsurance Europe SE, and Caisse Centrale de Reassurance ("Movants") have also filed a Motion to Dismiss or, in the alternative, to Compel Arbitration. Mem. ISO Mot. to Dismiss the Am. Compl. ("Movants' Mot.") at 1; ECF No. 117-1.

## II.

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain sufficient factual allegations that, if true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility requires that a complaint raise "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court does not accept the truth of legal conclusions or "[t]hreadbare recitals of the elements of a cause of action, supported by

---

[2] Since two groups have filed motions here, the Court will use the term "reinsurance companies" to refer to Syndicate 4472, Syndicate 2001, Syndicate 1206, Catlin Re Switzerland, Hannover Ruck SE, Partner Reinsurance Europe SE, and Caisse Centrale de Reassurance.

[3] Defendants Willis Limited, Willis Re, Inc. and Willis Towers Watson Management (Vermont), Ltd. ("Willis Defendants") ask that any stay apply to the entire proceeding and to all parties. Willis Defs.' Resp. at 1; ECF No. 107.

mere conclusory statements." *Iqbal*, 556 U.S. at 678. Still, courts must construe a complaint in the light most favorable to the plaintiff and accept as true all reasonable factual inferences drawn from well-pleaded allegations. *See In re United Mine Workers of Am. Emp. Ben. Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994).

### III.

### A.

The Movants first argue that the Credit Insurance Policy and the Reinsurance Agreements are express agreements that foreclose the existence of an implied contract.[4] Movants' Mot. at 7–8. That is, they argue that an implied contract cannot exist, as a matter of law, because there is an express contract dealing with the same subject matter. *Id.*

But as Vantage points out, there is no express contract between Vantage and the reinsurance companies. Vantage was not party to the Reinsurance Agreements, and the reinsurance companies were not party to the Credit Insurance Policy. The Movants did not identify a written contract between Vantage and the reinsurance companies. Of course, this is unsurprising because the Movants strongly believe there is no contractual relationship between the reinsurance companies and Vantage. When there is an express agreement covering the same subject matter as an alleged implied contract, that agreement shows that the parties intended to be bound only to a formal written agreement. *See Casciano v. JASEN Rides, LLC*, 109 F. Supp.

---

[4] The Movants argue that New York—not District of Columbia—law should apply. Because the Movants identify no difference between the two bodies of law, the Court will not resolve this issue now. *See GEICO v. Fetisoff*, 958 F.2d 1137, 1141 (D.C. Cir. 1992) (finding that, under District of Columbia choice of law analysis, "the first step is to determine whether a 'true conflict' exists."). The Court notes that "[t]he absence of a true conflict compels the application of District of Columbia law by default." *Greaves v. State Farm Ins. Co.*, 984 F. Supp. 12, 15 (D.D.C. 1997).

3

3d 134, 141 (D.D.C. 2015) (citing *Schism v. United States*, 316 F.3d 1259, 1278 (Fed. Cir. 2002) ("It is well settled that the existence of an express contract precludes the existence of an implied-in-fact contract dealing with the same subject matter, unless the implied contract is entirely unrelated to the express contract.")). But such an inference does not follow when Vantage, the party alleging an implied-in-fact contract, was not party to that agreement.

The Movants also argue that the implied contract claim should be dismissed because it is untimely. Movants' Mot. at 19. The Credit Insurance Policy says that "[n]o action arising out of this Policy may be brought against the Company unless such action is commenced with twenty-four months following a Date of Default." *See* Am. Compl. Ex. 1 at 8. And Vantage did not sue the reinsurance companies until more than three years after Glacial defaulted. Movants' Mot. at 19. In response, Vantage argues that the Amended Complaint does not allege that the implied contract incorporates the terms of the Credit Insurance Policy. Pl.'s Opp. to Movants' Mot. at 26; ECF No. 122.

The limitations provision in the Credit Insurance Policy does not bar Vantage's claim. In its Amended Complaint, Vantage alleges only that the reinsurance companies "agreed in exchange for premiums to pay Vantage for losses covered by the Credit Insurance Agreement 'on the same terms, conditions, and settlements as the' Credit Insurance Policy." Am. Compl. ¶ 200, ECF No. 96. First, Vantage does not allege that its implied contract has the same terms of the Credit Insurance Policy but that the reinsurance companies promised to pay Vantage for its losses under the Credit Insurance Policy. At this point, the terms of the implied contract are less than pellucid, but for now, the Court must accept Vantage's allegations about the contours of this implied contract as true. *See Iqbal*, 556 U.S. at 678. In any event, as Vantage points out, the

limitations provision, by its own terms, only applies to claims against the "Company," *i.e.*, ART, not the reinsurance companies. *See* Am. Compl. Ex. 1 at 8.

The rest of the Movants' Motion to Dismiss boils down to a disagreement about plausibility. "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. The Movants insist that Vantage's allegations are implausible.[5] Their arguments essentially restate the position that the Reinsurer Defendants took when they opposed the Vantage's motion to amend its complaint. And the Court's response is the same. Because the Court must "accept all the well-pleaded factual allegations of the complaint as true and draw all reasonable inferences from those allegations in the plaintiff's favor," *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015), the Court still finds that Vantage has adequately alleged its claims.[6] The Court incorporates by reference its prior Order on this point. *See Vantage II*, 2018 WL 6025774, at *2–*5.

"And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"

---

[5] Toward this end, the Movants direct the Court's attention to materials outside the pleadings. Even if the Court may consider documents "upon which the plaintiff's complaint necessarily relies" in some circumstances, the Court will not exercise that discretion here. *See Hinton v. Corrections Corp. of Am.*, 624 F. Supp. 2d 45, 46 (D.D.C. 2009).

[6] For the same reasons, the Court will also deny the Reinsurer Defendants' Motion to Dismiss, which also argues that Vantage's claims are implausible. The Court's conclusion should not be surprising. In allowing Vantage to amend its complaint, the Court found that this amendment was not futile. Review for futility "is, for practical purposes, identical to review of a Rule 12(b)(6)" motion to dismiss. *See Driscoll v. George Washington Univ.*, 42 F. Supp. 3d 52, 57 (D.D.C. 2012) (citing *In re Interbank Funding Corp. Securities Lit.*, 629 F.3d 213, 218 (D.C. Cir. 2010)).

*Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Whether Vantage can prove its claims is yet to be seen, but Vantage has alleged enough facts to proceed.

**B.**

In the alternative, the Movants ask the Court to compel arbitration under the Federal Arbitration Act. According to the Movants, if an implied contract exists here, it must import the arbitration provision in the Credit Insurance Policy. Movants' Mot. at 20. The Credit Insurance Policy states that "[a]ll disputes which may arise under or in connection with this Policy, including any determination of the amount of the Loss, shall be settled by arbitration." Am. Compl. Ex. 1 at 7. The Movants insist that "[t]his very broad, mandatory arbitration provision requires that any of Vantage's claims that survive the Reinsurers' motions to dismiss must be arbitrated." Movants' Mot. at 22.

Under the Federal Arbitration Act, courts must "rigorously enforce arbitration agreements according to their terms." *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013) (internal citation omitted). So "the first task of a court asked to compel arbitration . . . is to determine whether the parties agreed to arbitrate that dispute." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985). Courts examine motions to compel arbitration under the summary judgment standard of Federal Rule of Civil Procedure 56(c), as if it were a request for "summary disposition of the issue of whether or not there had been a meeting of the minds on the agreement to arbitrate." *Aliron Int'l, Inc. v. Cherokee Nation Indus., Inc.*, 531 F.3d 863, 865 (D.C. Cir. 2008) (cleaned up). Under Rule 56(c), summary judgment is appropriate only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986) (quoting Fed. R. Civ. P. 56(c)).

At this early stage, the Court cannot conclude that Vantage and the reinsurance companies agreed to arbitrate this dispute. The Movants point to the Credit Insurance Policy, but the reinsurance companies did not sign it. The Movants identify no evidence to suggest that *they* agreed to arbitrate. Again, this is unsurprising as the reinsurance companies have strenuously argued that they never reached an agreement of any kind with Vantage. And Vantage insists that it never agreed to arbitrate against the reinsurance companies.

The Movants emphasize that Vantage's Amended Complaint alleges that "[t]he Reinsurer Defendants entered into valid and binding contractual agreements to pay Vantage for losses suffered by Vantage covered by the Credit Insurance Agreement 'on the same terms, conditions, and settlements as the' Credit Insurance Policy." *See* Am. Comp. ¶ 160. The Movants argue that Vantage cannot ignore the mandatory arbitrary provision because it is a term of the Credit Insurance Policy. Movants' Mot. at 23

But according to Vantage, its Amended Complaint does not allege that its implied contract has the same terms of the Credit Insurance Policy but that the reinsurance companies promised to pay Vantage for its losses covered under Credit Insurance Policy. Pl.'s Opp. to Movants' Mot. at 23. As to the Amended Complaint's use of the phrase, "'on the same terms, conditions, and settlements,' of the Credit Insurance Policy," Vantage insists that its judgment is a settlement secured under the Credit Insurance Policy, and the reinsurance companies cannot re-open that arbitration to re-litigate the dispute. *Id.* at 23–24.

As Vantage points out, it has already arbitrated under the Credit Insurance Policy and secured a $26 million judgment. Even though the terms of the implied contract are fuzzy—implied contracts' terms often are—the Court must accept Vantage's allegations about the contours of this implied contract as true for now. *See Iqbal*, 556 U.S. at 678. And no matter

what the Amended Complaint alleges, the Movants have not shown that there was a meeting of the minds over arbitration. The Court will thus deny the Movants' Motion to Compel Arbitration.

## C.

In their motion, the Reinsurer Defendants also insist that "Vantage should be compelled to issue a revised Amended Complaint" because they claim that they do not know which factual allegations support Vantage's remaining causes of action. Reinsurer Mot. at 9–10. They want Vantage to revise its Amended Complaint now that the Court has dismissed its breach of contract claim. *Id.*

Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Vantage's Amended Complaint is not "so vague or ambiguous" that the Reinsurer Defendants cannot respond to it. Even though the Reinsurer Defendants disagree with Vantage's allegations, they are aware of what they are. The Reinsurer Defendants have filed three responses to the Amended Complaint: their Opposition to a Motion for Leave to Amend, *see* ECF No. 76; their Motion for Reconsideration, *see* ECF No. 95; and now their Motion to Dismiss, *see* ECF No. 106. The Reinsurer Defendants can clearly prepare a response. So the Court will deny the Reinsurer Defendants' Motion for a More Definite Statement.

**D.**

In the alternative, the Reinsurer Defendants argue that the Court should stay this litigation pending their arbitration against ART. Reinsurer Mot. at 16. They explain that arbitration is the "preferred method of dispute resolution" in the reinsurance industry. *Id.*

As the Reinsurer Defendants themselves acknowledge, such a stay is a matter of judicial discretion. *See* Reinsurer Mot. at 17. "A trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere." *IBT/HERE Employee Rep.s' Council v. Gate Gourmet Div. Ams.*, 402 F. Supp. 2d 289, 292 (D.D.C. 2005). True, there are overlapping factual issues common to both the arbitration and this litigation. But even the Reinsurer Defendants do not argue that the simple fact that some issues may be resolved in either forum means that the Court must yield for the arbitration proceedings. And judicial economy will not be served by granting a stay. It is unclear how long the arbitration will take to complete. Allowing a case to languish would not serve the interest of this Court or the parties involved. A stay issued before discovery is particularly problematic because with time evidence may be lost and memories fade.[7]

**IV.**

For these reasons, it is hereby

**ORDERED** that the Reinsurer Defendants' [106] Motion to Dismiss the Amended Complaint or For a More Definite Statement Under Rule 12 or In the Alternative for a Stay Pending Arbitration is DENIED; and it is further

---

[7] Because a hearing is unnecessary to resolve these motions, the Court denies the request for oral argument.

**ORDERED** that the Movants' [117] Motion to Dismiss the Amended Complaint or In the Alternative to Compel Arbitration is DENIED; and it is further

**ORDERED** that all Defendants shall answer Vantage's Amended Complaint on or before **May 14, 2019**; and it is further

**ORDERED** that Vantage's [112] Motion for Hearing is GRANTED; and it is further

**ORDERED** that Counsel shall meet and confer and submit a Joint Statement addressing all topics listed in Local Civil Rule ("LCvR") 16.3(c) on or before **June 10, 2019**. Counsel are directed to include in their Joint Statement a proposed revised scheduling order; and it is further

**ORDERED** that all parties shall appear for a status conference on **June 17, 2019** at 10 AM in Courtroom 2.

**SO ORDERED.**

Dated: April 26, 2019

TREVOR N. McFADDEN
United States District Judge